UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIN PARK, on behalf of himself and a class
of others similarly situated,

                Plaintiffs,                        ECF CASE

                                                 05 CIV. 8956 (BSJ)

      -against-

                                         COMPLAINT AND DEMAND
SEOUL BROADCASTING SYSTEM           FOR JURY TRIAL
COMPANY and SEONG KOO PARK,

                Defendants.
------------------------------------------------------------X

      Plaintiff Shin Park, individually and on behalf of all others similarly situated for purposes of his claim under the Fair Labor Standards Act (inclusively the "plaintiffs"), by his attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, complain of defendants, Seoul Broadcasting System ("SBS") and Seong Koo Park as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff complains on behalf of himself, and other similarly situated current and former employees of defendants, who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that they are: (i) owed back wages; (ii) owed back wages from Defendants for overtime work for which they did not receive any overtime premium pay, and (iii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. Plaintiff Shin Park also brings an action on his own behalf for payment of back wages and overtime pay under New York State law, and brings an action on his own behalf for age discrimination in violation of the New York City Human Rights Law.

### JURISDICTION AND VENUE

2.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and the Fair Labor Standards Act, 29 U.S.C. §§ 216, as well as the supplemental jurisdiction statute, 28 U.S.C. § 1367,

in that the city, state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. The venue of this action is proper because the decisions not to pay Plaintiff overtime premium pay and regular wages were made at Defendants' offices, located within the Southern District of New York. Plaintiff also performed the great majority of his job duties within the Southern District of New York.

4. Plaintiff, acting *pro se*, filed a complaint with the New York State Division of Human Rights (NYSDHR) alleging age discrimination against Defendant SBS. The NYSDHR issued an administrative convenience dismissal on October 17, 2005. A copy of this complaint was filed with the Law Department of the City of New York.

## PARTIES

5. Plaintiff Shin Park, is 38 (thirty-eight) years old and resides in Little Neck, New York. He was born in Korea and is a naturalized U.S. citizen.

6. Defendant SBS is the one of the largest Korean television and radio broadcasters, and was the first private Korean broadcaster. It maintains news bureaus in the United States in New York City, Washington, DC and Los Angeles. It is a foreign company licensed to do business in the state of N.Y.

7. Defendant Seong Koo Park is the Bureau Chief of the SBS's New York bureau, and was responsible in whole or in part for devising and maintaining SBS's policy of not paying statutorily required wages and overtime pay. Seong Koo Park is also responsible for making the decisions with regard to hiring, wages, and firing at SBS's New York bureau. Plaintiff is not related to Seong Koo Park.

8. Seong Koo Park is accordingly an "employer" of Plaintiff, for purposes of the FLSA and the

New York Labor Law, along with SBS, and is jointly and severally liable for unpaid overtime premium pay.

9. Seong Koo Park is also individually liable for his violation of the New York City Human Rights Law, as set forth below.

10 At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

11. The named Plaintiff brings this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

## FACTS

12. Plaintiff was employed by Defendants from November 2, 1998 until he was terminated on February 28, 2005.

13. Plaintiff was employed primarily as a news camera operator, and also was responsible for editing much of the footage he shot.

14. Plaintiff was paid a monthly salary.

15. Plaintiff's job duties did not render him exempt from the overtime provisions of the FLSA.

16. Plaintiff's job duties mainly were to accompany Seong Koo Park, who served as New York Bureau Chief as well as an on-air correspondent, to news locations and operate the video camera while Seong Koo Park made his report, to shoot background footage, and to operate the camera at SBS's bureau for a segment of a daily morning program in Seoul. Plaintiff also operated the camera for the bureau's morning, evening, and weekend live news broadcasts.

17. Plaintiff's job duties involved work at all hours of the day and night. He usually worked more than 40 hours per week, and often worked in excess of 80 hours per week.

18. As the only camera operator in the New York bureau, Plaintiff was called upon to perform his duties whenever something newsworthy occurred, whether it was after hours or on a weekend. He

was often required to return to the bureau on nights and weekends to help cover a story, and his workday, which began at 9:00 AM, often did not end until 1:00 AM, and occasionally lasted until 5:00 AM.

19. Plaintiff was not paid any overtime pay for the hours he worked in excess of 40 per week.

20. Even on Plaintiff's infrequent days off, he was directed by Defendants to not travel outside of the New York area, so that he would be able to return to the bureau should a newsworthy event occur. Thus, Plaintiff was very restricted in his activities on his days off.

21. In fact, Plaintiff often had to travel on assignment for SBS, both inside and outside of the United States. Much of this business travel took place on weekends, for which he received no overtime pay or any additional compensation whatsoever.

22. SBS's other camera operators, as well as assistant camera operators, worked similar hours as the Plaintiff, and were also not paid overtime. Those other employees are "similarly situated" to the Plaintiff, pursuant to 29 U.S.C. § 216(b).

23. On December 10, 2004, Defendant Seong Koo Park, at a dinner meeting with the Plaintiff, told Plaintiff that he thought that Plaintiff was too old for the job, that he should give a chance to a younger employee, and that it was better that Plaintiff leave the company. Seong Koo Park went on to tell Plaintiff that he would be terminated by the end of the first quarter of 2005.

24. Seong Koo Park's age-discriminatory remarks on December 10, 2004 were consistent with SBS's business culture, which openly discriminated on the basis of age. For example, Seong Koo Park, as well as his predecessors as bureau chief, often told Plaintiff that he should look for another job before he got too old, and would ask Plaintiff, in public, how old he was. This was humiliating to the Plaintiff since Seong Koo Park knew full well how old the Plaintiff was, and his asking the question in front of other SBS employees was a way of remarking negatively on the Plaintiff's age.

25. On or about January 17, 2005, Seong Koo Park told Plaintiff that he would be terminated as of January 31, 2005. That was the Plaintiff's last day of work.

26. Upon information and belief, the assistant camera operator who worked with Plaintiff prior to his termination, Dowon Lee, was promoted to camera operator when Plaintiff was fired.

27. Lee is in is early thirties and is younger than the Plaintiff.

28. After Plaintiff's firing and Lee's promotion, Defendant Seong Koo Park, acting as an agent of Defendant SBS, placed a "help wanted" advertisement in the Korea Central Daily News, a daily Korean language newspaper that is distributed to Korean communities in the United States, for an assistant camera operator.

29. That advertisement, which ran from December 21 to December 27, 2004, listed as one of the qualifications for the position that the applicant be born after 1975.

30. Plaintiff was discharged from his employment because of his age.

## FIRST CAUSE OF ACTION: FLSA

31. The allegations of paragraphs 1-29 herein are incorporated into this cause of action by reference.

32. Plaintiff, and his similarly situated co-workers, worked over forty hours in a workweek and were not paid overtime premium pay, or paid at all, for the hours worked in excess of forty hours in a workweek.

33. Plaintiff and his similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

34. The failure of Defendants to properly compensate Plaintiff and his similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was willful.

## SECOND CAUSE OF ACTION: NEW YORK LABOR LAW

35. The allegations of paragraphs 1-29 herein are incorporated into this cause of action by reference.

36. Plaintiff, individually, has not been paid straight time and/or overtime premium pay for all compensable work hours in violation of the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

37. Plaintiff is entitled to one and one-half of his regular rate of pay for all hours worked in excess of forty hours in a workweek under the New York Labor Law.

38. The failure of Defendants to properly compensate Plaintiff his overtime work was willful.

## THIRD CAUSE OF ACTION: NEW YORK CITY HUMAN RIGHTS LAW

39. The allegations of paragraphs 1-29 herein are incorporated into this cause of action by reference.

40. Plaintiff, individually, was terminated from his employment because of his age, in violation of the New York City Human Rights Law, NYC Administrative Code § 8-107.

41. As the result of the aforesaid unlawful and discriminatory termination, Plaintiff suffered loss of pay, loss of reputation, loss of future earning capacity, and severe mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Declare the Defendants' conduct complained of herein to be in violation of the Plaintiff's rights as secured by the FLSA, the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq. ,the New York Labor Law §§ 190 et seq.; and the New York City Human Rights Law;

B. Enjoin the Defendants from the unlawful conduct complained of herein;

C. Direct the Defendants to pay straight pay to Plaintiff and any other Plaintiff who consents to

join this action, for time worked, but not compensated;

D. Direct Defendants to pay owed overtime premium pay to Plaintiff, and any other Plaintiff who consents to join this action;

E. Direct Defendants to pay Plaintiff, and any other Plaintiff who consents to join this action, additional amounts as liquidated damages because of Defendants' willful failure to pay overtime pay pursuant to both the FLSA and, as to Plaintiff Shin Park, the New York State Labor Law;

F. Award Plaintiffs prejudgment interest;

G. Award Plaintiff Shin Park backpay, frontpay, compensatory damages, and punitive damages for Defendants' violation of the New York City Human Rights Law;

H. Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

I. Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:   New York, New York
         September 14, 2005

Respectfully submitted,

BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP

_____

By: Jason J. Rozger (JR8986)

80 Pine Street, 32nd Floor
New York, New York 10005
(212) 509-1616

ATTORNEYS FOR PLAINTIFF AND PROPOSED CLASS